**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

VINCHENZO B. MOSCOSO,

    Plaintiff - Appellant,

v.

COURTS OF DENVER COLORADO;
JARED POLIS; BETH MCCANN;
PHILIP J. WEISER,

    Defendants - Appellees.

No. 24-1284
(D.C. No. 1:24-CV-01153-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Vinchenzo B. Moscoso brought this pro se action as a pretrial detainee,

claiming that the Governor and Attorney General of Colorado and the Denver District

Attorney were allowing Denver courts to operate unconstitutionally.  He sought $40

million in damages and filed a motion under 28 U.S.C. § 1915 for leave to proceed

without prepayment of costs and fees (IFP motion).  A federal magistrate judge

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determined Moscoso's IFP motion was deficient because it did not authorize the calculation and disbursement of partial payments from his institutional trust fund account. The magistrate judge therefore directed Moscoso to cure the deficiency within 30 days, warning him that failure to do so would result in dismissal without further notice. Moscoso did not respond, so after more than 30 days passed, the district court dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to cure the deficiency. Moscoso appealed.

We ordinarily review Rule 41(b) dismissals for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). But Moscoso has waived appellate review by failing to challenge or even address the district court's reason for dismissing his case, namely that he failed to cure the deficiency in his IFP motion. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *see id.* at 1369 (affirming dismissal of claim because appellant failed to challenge the basis for the district court's dismissal). Indeed, rather than address the district court's ground for dismissal, Moscoso focuses on the merits of his underlying claims, asserting Denver courts are exercising "unconstitutional criminal jurisdiction." Aplt. Br. at 3 (internal quotation marks omitted). Although we liberally construe his pro se materials, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). We cannot craft arguments on his behalf, *see id.*, and absent any

2

explanation why the district court's dismissal was wrong, we are bound to affirm, *see Nixon*, 784 F.3d at 1366; *see also Iweha v. Kansas*, 121 F.4th 1208, 1235 (10th Cir. 2024) (recognizing an appellant "must squarely present [his] disagreement with the district court's . . . determination in [his] brief").

This appeal is therefore dismissed as frivolous and our dismissal constitutes a strike under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999), *overruled in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Moscoso's motion to proceed on appeal without prepayment of costs and fees is denied. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring an appellant to raise a nonfrivolous argument to obtain leave to proceed on appeal without prepayment of costs or fees).

Entered for the Court

Harris L Hartz
Circuit Judge